Jack E. Stephens, Ray Elvin Speece, Houston, for appellant.

James P. Wolf, Chris Dixie, Dixie, Wolf & Dixie, Houston, for appellees.

**Mary Lynne JEU, Appellant,**

v.

**RETAIL CLERK'S UNION, LOCAL 455 AFL–CIO, et al., Appellees.**

**No. 8714.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 25, 1979.

HUTCHINSON, Justice.

This is a suit for damages for slander. Trial was to a jury whose verdict was in favor of Mary Lynne Jeu, plaintiff below and appellant here, and against Retail Clerk's Union, Local 455 AFL–CIO, Van Blades, and Retail Clerk's International Association, defendants below and appellees here. Appellees' motion for judgment non obstante veredicto was granted and a take nothing judgment was entered.

Appellant was employed as a pharmacist for Globe Stores, Inc., d/b/a Globe Discount City in Houston. Appellee, Van Blades, was an employee of the union and was at the time of the alleged slander attending a called meeting of the employees of Globe Stores on company time and premises for discussion of unionization. Appellant, due to her employee classification, was not eligible to participate in the proposed election. However, she attended the meeting and

addressed the eligible employees and told them that during her previous membership in the union her dues had been raised without notice to her and that promised wage increases had not been obtained. Thereafter appellee Van Blades was asked in the presence of a smaller group why appellant would make such statements and his response was, according to appellant's allegations and the jury verdict, that appellant was being "paid off" by the employer to speak against the union. According to appellant, appellee Van Blades refused to retract the statement or apologize to her and as a result she suffered nervous problems, skin rashes and hormonal imbalance.

At trial, the jury found that the statement as to appellant having been "paid off" was not true; that appellee Van Blades spoke with malice; that appellee Van Blades failed to make reasonable investigation regarding the truthfulness of his statement which failure was both negligence and gross negligence; that appellant suffered $55.00 damages for past medical treatment and no damage for future treatment; that $15,000.00 would compensate her for injury to character or reputation and physical pain and mental anguish; and that she was entitled to $17,500.00 as punitive damages.

■ Appellant here contends that the trial court erred in applying the holdings of *Linn v. United Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), and *Letter Carriers v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974), to the facts of this case so as to require proof of "actual malice" as defined in the case of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "Actual malice" as so defined requires a finding that the alleged utterance was made "with knowledge of its falsity or with reckless disregard as to whether it was true or false." The trial court's definition was: "By the term 'malice' as used in this charge is meant reckless disregard for the health and welfare of another with knowledge and consciousness that injury or illness is likely to result from the statement made." Appellees' Third Amended Answer filed two

years prior to trial specifically plead the applicability of the Labor Management Relations Act and that the alleged statement was not made with knowledge of its falsity or with reckless disregard as to whether or not it was false. Appellant requested no issue or instruction relative to appellees' knowledge or reckless disregard and none was given.

It is undisputed that at the time the alleged slanderous utterance was made there was pending an election to be conducted by the National Labor Relations Board among certain employees of Globe Stores, Inc. for the selection or rejection of appellee union as the collective bargaining representative and that the alleged slanderous statement was made by appellee Van Blades as an employee of the union at a meeting called by the company on company time and premises. It is further undisputed that appellant, though not eligible to participate in the election, attended the meeting and voluntarily made the anti-union talk.

■ The *New York Times* definition of "actual malice" has been applied and discussed by our Supreme Court in the case of *El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403 (Tex.1969), and *Linn* has been analyzed in *Farah Manufacturing Co. v. Amalgamated Clothing Workers, Etc.*, 483 S.W.2d 271 (Tex.Civ.App. San Antonio 1972, no writ). In *El Paso Times, Inc.*, the court stated that the failure to investigate the truth or falsity of a statement is in itself insufficient to show "actual malice" and that negligence or the failure to act as a reasonably prudent person is also insufficient. The court further quoted from *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968), wherein the United States Supreme Court stated that the *New York Times* definition of actual malice ". . . puts a premium on ignorance, encourages the irresponsible publisher not to inquire, and permits the issue to be determined by the defendant's testimony that he published the statement in good faith and unaware of its probable falsity." In *Farah* the court recognized that the *Linn* opinion limited state control to the application of the standard

set forth in *New York Times*, that is, that the statement to be actionable must have been made with knowledge of its falsity or with reckless disregard as to whether it was true or false. From these authorities recovery for slander on the basis of the definition of malice used by the trial court cannot be sustained. The judgment of the trial court denying recovery is therefore affirmed.